# Supreme Court of Florida

_____

No. SC14-236
_____

**IN RE:  AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE.**

[December 18, 2014]

PER CURIAM.

The Family Law Rules Committee (Committee) has filed its regular-cycle report proposing amendments to the Florida Family Law Rules of Procedure.[1]  The Committee proposes new rules 12.012 (Minimization of Sensitive Information) and 12.364 (Social Investigations).  It also proposes amendments to rules 12.070 (Process); 12.200 (Case Management and Pretrial Conferences); 12.363 (Evaluation of Minor Child); 12.490 (General Magistrates); 12.491 (Child Support Enforcement); and 12.560 (Discovery in Aid of Execution); and forms 12.901(a) (Petition for Simplified Dissolution of Marriage); 12.902(b) (Family Law Financial

---

1.  We have jurisdiction.  <u>See</u> art. V, § 2(a), Fla. Const.

Affidavit (Short Form)); and 12.902(c) (Family Law Financial Affidavit (Long Form)). After submission to the Court, the proposals were published for comment. No comments were received. Upon consideration of the Committee's report, we adopt the amendments proposed by the Committee as described below.

**AMENDMENTS**

First, we adopt new rule 12.012 (Minimization of Sensitive Information). This rule is patterned after recently adopted Florida Rule of Civil Procedure 1.020, which requires pleadings and other papers filed with the court in civil cases to comply with Florida Rule of Judicial Administration rule 2.425 (Minimization of the Filing of Sensitive Information). New rule 12.012 requires the same in family law cases.

Next, rule 12.070 (Process) is amended to inform parties that for constructive service of process in cases involving parental responsibility, custody, or time-sharing, they must file an affidavit that conforms with family law form 12.913(c) (Affidavit of Diligent Search). It is also amended to state that if the responding party cannot be found, he or she must be served as provided in chapter 49, Florida Statutes, which governs constructive service of process, and that the clerk of the circuit court must mail a copy of the notice to the party's last known address.

Rule 12.200 (Case Management and Pretrial Conferences), is amended to provide for the consideration at the case management conference of "any agreements, objections, or form of production of electronically stored information." This is meant to allow such issues to be brought to the court's attention early in the case so that any conflict can be resolved on a timely basis.

Next, we adopt new rule 12.364 (Social Investigations) to specifically address social investigations under section 61.20, Florida Statutes (2014). New rule 12.364 provides the requirements and process for appointment of a social investigator; provides general provisions and content for the order for a social investigation; governs the written study by the social investigator; allows a party to file a motion for an additional social investigation; and provides for production of the investigator's file to another investigator who may review it and testify.

In conjunction with the adoption of new rule 12.364, we amend current rule 12.363 (Evaluation of Minor Child) to remove references to "social investigations" under section 61.20, Florida Statutes (2014), so as to differentiate social investigations from evaluations of a minor child. Rule 12.363 is also amended as follows: (1) to delete the term "licensed mental health professional" so that the rule refers only to the appointment of an "expert" generally; (2) to require a determination of a need for an expert before one is appointed by the court when the parties cannot agree; (3) to require that an expert's report be provided to the party,

rather than the party's attorney; (4) to require that prior notice of communication with the court be given to the parties, rather than their attorneys; and (5) to require that an expert's report be properly admitted into evidence and considered by the court before it is made part of the court file.

Rule 12.490 (General Magistrates) is amended to require appointment of a specific magistrate. This was recommended by the Committee because it was reported to the Committee that despite the requirement in family law form 12.920(b) (Order of Referral to General Magistrate) that the general magistrate appointed be named, some jurisdictions were interpreting a referral to a general magistrate as a referral to any general magistrate in the jurisdiction. The Committee reasoned that the specific magistrate to whom the case is referred should be identified so that parties may determine in a timely manner whether an objection should be raised. Subdivision (d)(3) of this rule is also amended to change the word "papers" to "documents."

Next, subdivision (e)(2) of rule 12.491 (Child Support Enforcement) is amended to correct a cross-reference to a recently renumbered subdivision of Florida Rule of Judicial Administration 2.535.

Rule 12.560 (Discovery in Aid of Execution) is amended to add the name of Florida Rule of Civil Procedure form 1.977, "Fact Information Sheet" for clarity. Additionally, subdivision (c) of this rule is deleted.

Finally, we amend three family law forms. Form 12.901 (Petition for Simplified Dissolution of Marriage) is amended to remove the requirement of filing a financial affidavit because rule 12.285(c) exempts parties in a simplified dissolution under rule 12.105 from such filing requirement. Section II "Average Monthly Expenses" of form 12.902(b) (Family Law Financial Affidavit (Short Form)) is amended to provide an instruction that if an expense listed by a party is an estimate of what he or she expects it will be post-dissolution, rather than an actual current amount, that should be expressly indicated by writing "estimate" next to the amount. Form 12.902(c) (Family Law Financial Affidavit (Long Form)) currently contains similar language. Other minor changes to clarify insurance amounts and subtotals in section II of both forms 12.902(b) and (c) are also made.

## CONCLUSION

Accordingly, the Florida Family Law Rules of Procedure and forms are amended as set forth in the appendix to this opinion. Language added to the rules is underscored; deleted language is struck through. The committee notes are offered for explanation only and are not adopted as an official part of the rules.

The amended forms are fully engrossed and ready for use. The forms may also be accessed and downloaded from the Florida State Courts' website at www.flcourts.org/resources-and-services/family-courts/family-law-self-help-

information/family-law-forms.stml. By adoption of the amended forms, we express no opinion as to their correctness or applicability.

The amended and new rules and the amended forms shall become effective at 12:01 a.m., January 1, 2015.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Family Law Rules Committee

Elizabeth Ann Blackburn, Chair, Family Law Rules Committee, Revis & Blackburn, P.A., Daytona Beach, Florida; Mary Louise Miller Wagstaff, Past Chair, Family Law Rules Committee, Wagstaff Law Office, P.A., Largo, Florida; John F. Harkness, Jr., Executive Director and Ellen H. Sloyer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 12.012.    MINIMIZATION OF SENSITIVE INFORMATION

Every pleading or other document filed with the court shall comply with Florida Rule of Judicial Administration 2.425, Minimization of the Filing of Sensitive Information.

## RULE 12.070.    PROCESS

**(a) – (b)** [No change]

**(c)    Constructive Service.**

(1)    [No change]

(2)    For constructive service of process in any case or proceeding involving parental responsibility, custody, or time-sharing with a minor child, the petitioner shall file an affidavit of diligent search and inquiry that conforms with Florida Family Law Rules of Procedure Form 12.913(c). If the responding party cannot be located, the party shall be served with process by publication in the manner provided by chapter 49, Florida Statutes. The clerk of the circuit court shall mail a copy of the notice to the party's last known address.

(23) For constructive service of process in all other cases, an affidavit of diligent search and inquiry in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.

**(d)** [No change]

## RULE 12.200.    CASE MANAGEMENT AND PRETRIAL CONFERENCES

**(a)    Case Management Conference.**

(1)    **Family Law Proceedings, Generally.** A case management conference may be ordered by the court at any time on the court's initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:

(A)     schedule or reschedule the service of motions, pleadings, and other documents;

(B)     set or reset the time of trials, subject to rule 12.440;

(C)     coordinate the progress of the action if complex litigation factors are present;

(D)     limit, schedule, order, or expedite discovery;

(E)     schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;

(F)     schedule or hear motions related to admission or exclusion of evidence;

(G)     pursue the possibilities of settlement;

(H)     require filing of preliminary stipulations if issues can be narrowed;

(I)     refer issues to a magistrate for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic, repeat, dating, or sexual violence, or stalking that would compromise the process is involved in the case;

(J)     refer the parties to mediation if no significant history of domestic, repeat, dating, or sexual violence, or stalking that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic, repeat, dating, or sexual violence or stalking that would compromise the process is involved in the case and consider allocation of expenses related to the referral;

(K)     coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic, repeat, dating, or sexual violence or stalking that would compromise the process is involved in the case;

(L)     appoint court experts and allocate the expenses for the appointments;

(M)    refer the cause for a parenting plan recommendation, social investigation and study, home study, or psychological evaluation and allocate the initial expense for that study;

(N)    appoint an attorney or guardian ad litem for a minor child or children if required and allocate the expense of the appointment; ~~and~~

(O)    schedule other conferences or determine other matters that may aid in the disposition of the action ~~.~~; and

(P)    consider any agreements, objections, or form of production of electronically stored information.

**(2)**    [No change]

**(b) – (d)** [No change]

## Commentary

[No change]

## Committee Note

[No change]

## RULE 12.363.    EVALUATION OF MINOR CHILD

(a)    **Appointment of ~~Mental Health Professional or Other~~ Expert.**

(1)    ~~When the issue of time-sharing, parental responsibility, ultimate decision-making, or a parenting plan for a minor child is in controversy, t~~The court, on motion of any party or the court's own motion, may appoint ~~a licensed mental health professional or other~~an expert for an examination, evaluation, testing, or interview of any minor child ~~or to conduct a social or home study investigation~~. The parties may agree on the particular expert to be appointed, subject to approval by the court. If the parties have agreed, they shall submit an order including the name, address, telephone number, area of expertise, and professional qualifications of the expert.  If ~~the parties have agreed on the need for an expert and~~ there has been a determination of the need for the appointment of an

- 9 -

expert and the parties cannot agree on the selection of the expert, the court shall appoint an expert.

(2)     After the examination, evaluation, or investigation, any party may file a motion for an additional expert examination, evaluation, interview, testing, or investigation by ~~a licensed mental health professional or other~~another expert.  The court upon hearing may permit the additional examination, evaluation, testing, or interview ~~based~~only on a showing of good cause ~~shown~~and only upon a finding that further examinations, testing, interviews, or evaluations would be in the best interests of the minor child.

(3) – (5) [No change]

(6)     A copy of the order of appointment shall be provided immediately to the expert by the court unless otherwise directed by the court. The order shall direct the parties to contact the expert ~~or investigator~~ appointed by the court to establish an appointment schedule to facilitate timely completion of the evaluation.

**(b)     Providing of Reports.**

(1)     Unless otherwise ordered, the expert shall prepare and provide a written report to ~~the attorney for~~ each party ~~or the party, if unrepresented,~~ and the guardian ad litem, if appointed, a reasonable time before any evidentiary hearing on the matter at issue. The expert also shall send written notice to the court that the report has been completed and that a copy of the written report has been provided to ~~the attorney for~~ each party ~~or the party, if unrepresented,~~ and the guardian ad litem, if appointed. In any event, the written report shall be prepared and provided no later than 30 days before trial or 75 days from the order of appointment, unless the time is extended by order of the court. The expert shall not send a copy of the report to the court unless the parties and their attorneys have agreed in writing that the report will be considered by the court and filed in the court files as provided in subdivision (e).

(2)     On motion of any party, the court may order the expert to produce the expert's complete file to another ~~qualified licensed mental health professional,~~expert at the initial cost of the requesting party, for review by such ~~qualified licensed mental health~~ expert, who may testify.

- 10 -

**(c)   Testimony of Other ~~Professionals~~Experts**.  Any other expert who has treated, tested, interviewed, examined, or evaluated a child may testify only if the court determines that good cause exists to permit the testimony. The fact that no notice of such treatment, testing, interview, examination, or evaluation of a child was given to both parents shall be considered by the court as a basis for preventing such testimony.

**(d)   Communications with Court by Expert.**  No expert may communicate with the court without prior notice to the parties ~~and their attorneys~~, who shall be afforded the opportunity to be present and heard during any such communication between the expert and the court. A request for communication with the court may be informally conveyed by letter or telephone. Further communication with the court, which may be conducted informally, shall be done only with notice to the parties.

**(e)   Use of Evidence.** An expert appointed by the court shall be subject to the same examination as a privately retained expert and the court shall not entertain any presumption in favor of the appointed expert's findings. Any finding or report by an expert appointed by the court may be entered into evidence on the court's own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties. ~~The report shall not be considered by the court before it is properly admitted into evidence.~~ Any report filed with the court shall be in compliance with Florida Rule of Judicial Administration 2.425. The report shall not be filed ~~with the court~~in the court file unless or until it is properly admitted into evidence and considered by the court. The court shall consider whether the report should be sealed as provided by Florida Rule of Judicial Administration 2.420.

**(f)   Limitation of Scope.**  This rule shall not apply to parenting coordinators or social investigators.

### Committee Note

[No change]

## RULE 12.364.     SOCIAL INVESTIGATIONS

**(a) Applicable to Social Investigations.** This rule shall apply to the appointment of an investigator to conduct a social investigation and study under section 61.20, Florida Statutes.

**(b) Appointment of Social Investigator.** When the issue of time-sharing, parental responsibility, ultimate decision-making, or a parenting plan for a minor child is in controversy, the court, on motion of any party or the court's own motion, may appoint an investigator under section 61.20, Florida Statutes. The parties may agree on the particular investigator to be appointed, subject to approval by the court. If the parties have agreed on the need for a social investigation or the court has determined there is such need, and the parties cannot agree on the selection, the court shall select and appoint an investigator. The social investigator must be qualified as an expert under section 90.702, Florida Statutes, to testify regarding the written study.

**(c) Order for Social Investigation.** The order for a social investigation shall state whether this is an initial establishment of a parenting plan or a modification of an existing parenting plan. The investigator shall be required to consider the best interests of the child based upon all of factors affecting the welfare and interest of the particular minor child and the circumstances of that family, including, but not limited to the statutory factors set forth in section 61.13, Florida Statutes.

**(d) Order Appointing Social Investigator.** An order appointing a social investigator shall state that the investigator is being appointed under section 61.20, Florida Statutes, and shall state:

(1)     The name, address, and telephone number for each parent.

(2)     The name, address, and telephone number of the investigator being appointed.

(3)     Any specific issues to be addressed.

(4)     An initial allocation of responsibility for payment of the costs for the social investigation. The court may consider taxing the costs at a final hearing.

(5)     The order shall direct the parties to contact the investigator appointed by the court to establish an appointment schedule to facilitate timely completion of the investigation. A copy of the order of appointment shall be

provided immediately to the investigator by the court, unless otherwise directed by the court.

**(e)** **Written Study with Recommendations.** The investigator shall prepare a written study with recommendations regarding a parenting plan, including a written statement of facts found in the social investigation on which the recommendations are based. The written study with recommendations shall be furnished to the court and a copy provided to all parties of record by the investigator at least 30 days before any hearing at which the court is to consider the written study and recommendations, unless otherwise ordered by the court.

**(f)** **Additional Investigation.** After the written study is furnished to the court, any party may file a motion for an additional expert examination, evaluation, interview, testing, or investigation. The court upon hearing may order the additional examination, evaluation, testing, or interview of the minor child based on the court finding that the investigation is insufficient and that further examinations, testing, interviews, or evaluations of the minor child would be in the best interests of the minor child.

**(g)** **Production of File.** On motion of any party, the court may order the investigator to produce the investigator's complete file to another qualified investigator for review by such investigator, who may render an opinion and testify.

**RULE 12.490.** **GENERAL MAGISTRATES**

**(a)** [No change]

**(b)** **Reference.**

(1) – (2) [No change]

(3) The order of referral shall state with specificity the matter or matters being referred and the name of the specific general magistrate to whom the matter is referred. The order of referral shall also state whether electronic recording or a court reporter is provided by the court, or whether a court reporter, if desired, must be provided by the litigants.

(4) [No change]

**(c)** [No change]

**(d)     Hearings.**

(1) - (2) [No change]

(3)    The general magistrate shall have authority to examine under oath the parties and all witnesses upon all matters contained in the reference, to require production of all books, ~~papers~~documents, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate shall have the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.530.

(4) – (5) [No change]

**(e) – (g)** [No change]

### Commentary

[No change]

### Committee Notes

**2004 Amendment.** In accordance with Chapter 2004-11, Laws of Florida, all references to general master were changed to general magistrate.

**2015 Amendment.** Subdivision (b)(3) has been amended to clarify that the order of referral must include the name of the specific general magistrate to whom the matter is being referred and who will conduct the hearing and that concurrent referrals to multiple general magistrates is inappropriate.

## RULE 12.491.     CHILD SUPPORT ENFORCEMENT

**(a) – (d)** [No change]     **Limited Application.** This rule shall be effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.

**(e)** **General Powers and Duties.** The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. A support enforcement hearing officer does not have the authority to hear contested paternity cases. Upon the receipt of a support proceeding, the support enforcement hearing officer shall:

       (1)    assign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law;

       (2)    take testimony and establish a record, which record may be by electronic means as provided by Florida Rule of Judicial Administration ~~2.535(g)(3)~~2.535(h);

       (3)    accept voluntary acknowledgment of paternity and support liability and stipulated agreements setting the amount of support to be paid; and

       (4)    evaluate the evidence and promptly make a recommended order to the court. Such order shall set forth findings of fact.

**(f) – (h)** [No change]

### Commentary

[No change]

### Committee Note

[No change]

## RULE 12.560.    DISCOVERY IN AID OF EXECUTION.

**(a)**    [No change]

**(b)**    **Fact Information Sheet.** In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete Florida Rules of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, within 45 days of the order or such other reasonable time as determined by the court.

**(c) – (d)** [No change]

**(e)      Notice of Compliance.** ~~The judgment debtor shall file with the clerk of court a notice of compliance with the order to complete form 1.977, and serve a copy of the notice of compliance on the judgment creditor or the judgment creditor's attorney. Form 1.977 shall not be filed with the clerk of the court or in any other public record, except by order of the court after a notice and hearing and for good cause shown. If the court permits the filing of form 1.977, it shall be in compliance with the requirements of Florida Rule of Judicial Administration 2.425.~~

## Committee Notes

**2000 Amendment.** Subdivisions (b)–(e) were added to the Florida Rules of Civil Procedure and adopted with amendments into the Family Law Rules of Procedure. The amendments to the Civil Rules were patterned after Florida Small Claims Rule 7.221(a) and Form 7.343. Although the judgment creditor is entitled to broad discovery into the judgment debtor's finances (Fla. R. Civ. P. 1.280(b); *Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems*, 526 So. 2d 177, 179 (Fla. 2d DCA 1988)), in family law cases inquiry into the individual assets of the judgment debtor's spouse must be precluded until a proper predicate has been shown. *Tru-Arc, Inc.*, 526 So.2d at 179; *Rose Printing Co. v. D'Amato*, 338 So. 2d 212 (Fla. 3d DCA 1976)

**2015 Amendment.** Subdivision (e) was deleted because the filing of a notice of compliance is unnecessary for the judgment creditor to seek relief from the court for noncompliance with this rule and because the Fact Information Sheet should not be filed with the clerk of the court.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.901(a), PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE (01/15)

## When should this form be used?

This form should be used when a husband and wife are filing for a simplified **dissolution of marriage**. You and/or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if **all** of the following are true:

- You and your spouse agree that the marriage cannot be saved.
- You and your spouse have no minor or dependent child(ren) together, the wife does not have any minor or dependent children born during the marriage, and the wife is not now pregnant.
- You and your spouse have worked out how the two of you will divide the things that you both own (your **assets**) and who will pay what part of the money you both owe (your **liabilities**), and you are both satisfied with this division.
- You are not seeking support (**alimony**) from your spouse, and vice versa.
- You are willing to give up your right to **trial** and **appeal**.
- You and your spouse are both willing to go into the clerk's office to sign the petition (not necessarily together).
- You and your spouse are both willing to go to the **final hearing** (at the same time).

If you do not meet the criteria above, you must file a regular **petition** for dissolution of marriage.

This petition should be typed or printed in black ink. Each of you must sign the petition in the presence of a deputy clerk (in the clerk's office), although you do not have to go into the clerk's office at the same time. You will need to provide picture identification (valid driver's license or official identification card) for the clerk to witness your signatures.

## What should I do next?

1.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

    You may document your agreement by signing a **Marital Settlement Agreement,** Florida Family Law Rules of Procedure Form 12.902(f)(3) and filing it with the **clerk of the circuit court** or you may agree that all of your assets (what you own) and liabilities (what you owe) have been disposed of by oral agreement.

2.  You must prove to the court that the husband **and/or** wife has (have) lived in Florida for more than 6 months before filing the petition for dissolution of marriage. Residence can be proved by:

    - a valid Florida driver's license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage; or
    - the testimony of another person who knows that either you or your spouse has resided in Florida for more than 6 months and is available to testify in court; or

Instructions for Florida Family Law Rules of Procedure Form 12.901(a), Petition for Simplified Dissolution of Marriage (01/15)

- 17 -

- an **affidavit**. To prove residence by affidavit, use an **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i).  This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for dissolution of marriage.  This affidavit may be signed in the presence of the clerk of the court or in the presence of a **notary public**, who must affix his or her seal at the proper place on the affidavit.

3. You must pay the appropriate **filing fees** to the clerk of the circuit court.  If you and your spouse cannot afford to pay the filing fees, you may fill out an **Application for Determination of Civil Indigent Status**, and file it with your petition for dissolution of marriage.  You may obtain this form from the clerk and he or she will determine whether you are eligible to have filing fees waived.

4. Either you or the clerk of court will need to complete a **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.  The clerk's office can provide this form.

5. You must obtain a date and time for a court appearance from the clerk of court.  On that date, **you and your spouse must appear together before a judge**.  You should complete a **Final Judgment of Simplified Dissolution of Marriage**, Florida Family Law Rules of Procedure Form 12.990(a), and bring it with you to the hearing. At that time, if all of the papers are in order, the judge may grant a final judgment dissolving your marriage under simplified dissolution of marriage procedures by signing the final judgment which you have provided.

6. **If you fail to complete this procedure, the court may dismiss the case to clear its records.**

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.

## Special notes…

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.901(a), Petition for Simplified Dissolution of Marriage (01/15)

- 18 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Husband,
and
_____,
Wife.

## PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE

We, *{full legal name}*_____, Husband,

and *{full legal name}* _____, Wife,
being sworn, certify that the following information is true:
[fill in **all** blanks]

1.  We are both asking the Court for a dissolution of our marriage.

2.  Husband lives in *{name}* _____ County, *{state}* _____, and has lived there

    since *{date}* _____.  Wife lives in *{name}* _____County,

    *{state}* _____, and has lived there since *{date}* _____.

3.  We were married to each other on *{date}*_____ in the city of *{city}* _____in state of

    *{state}* _____, or country of *{country}* _____.

4.  Our marriage is irretrievably broken.

5.  We do not have any minor or dependent children together, the wife does not have any minor or

    dependent children born during the marriage, **and** the wife is not pregnant.

6.  We have divided our assets (what we own) and our liabilities (what we owe) by agreement.  We are

    satisfied with this agreement.

    *{Check **one** only}*

    (   ) Our marital settlement agreement, Florida Family Law Rules of Procedure Form 12.902(f)(3), is

    attached.  This agreement was signed freely and voluntarily by each of us and we intend to be

    bound by it.

    (   ) Our marital settlement agreement is not in writing. We prefer to keep our financial agreements

    private.

7.  *{Check **one** only}* (   ) yes (   ) no Wife wants to be known by her former name, which was

    *{full legal name}* _____.

8. We each certify that we have not been threatened or pressured into signing this petition. We each understand that the result of signing this petition may be a final judgment ending our marriage and allowing no further relief.

9. We each understand that **we both must come to the hearing** to testify about the things we are asking for in this petition.

10. We understand that we each may have legal rights as a result of our marriage and that by signing this petition we may be giving up those rights.

11. We ask the Court to end our marriage and approve our marital settlement agreement.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of HUSBAND
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
Type of identification produced

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

<div style="margin-left:40%">

_____
Signature of WIFE
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es):_____
</div>

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____by _____.

<div style="margin-left:40%">

_____
NOTARY PUBLIC or DEPUTY CLERK

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
</div>

___ Personally known
___ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for: [choose only **one**] (   ) Husband (   ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(b), FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM) (01/15)

## When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is UNDER $50,000 per year** unless:

(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of a financial affidavit;
(2) You have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) The court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

## What should I do next?

A copy of this form must be served on the other **party** in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## Special notes...

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The affidavit must be completed using **monthly** income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.

Instructions to Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (01/15)

- 22 -

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Hourly amount | x | Hours worked per week | **=** | Weekly amount |
| Weekly amount | x | 52 Weeks per year | **=** | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | **=** | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Daily amount | x | Days worked per week | **=** | Weekly amount |
| Weekly amount | x | 52 Weeks per year | **=** | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | **=** | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Weekly amount | x | 52 Weeks per year | **=** | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | **=** | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Bi-weekly amount | x | 26 | **=** | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | **=** | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Semi-monthly amount | x | 2 | **=** | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions to Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (01/15)

- 23 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                    Petitioner,
and

_____,
                    Respondent.


# FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)

(Under $50,000 Individual Gross Annual Income)

I, *{full legal name}*_____, being sworn, certify that the following information is true:

My Occupation: _____

Employed by: _____

Business Address: _____

Pay rate: $ _____ (   ) every week (   ) every other week (   ) twice a month (   ) monthly (   ) other: _____

____ Check here if unemployed and explain on a separate sheet your efforts to find employment.

**SECTION I.  PRESENT MONTHLY GROSS INCOME:**
**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.  Attach more paper, if needed.  Items included under "other" should be listed separately with separate dollar amounts.

1. $_____ Monthly gross salary or wages

2. _____ Monthly bonuses, commissions, allowances, overtime, tips, and similar payments

3. _____ Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expenses.)

4. _____ Monthly disability benefits/SSI

5. _____ Monthly Workers' Compensation

6. _____ Monthly Unemployment Compensation

7. _____ Monthly pension, retirement, or annuity payments

8. _____ Monthly Social Security benefits

9. _____ Monthly alimony actually received (Add 9a and 9b)

    9a.   From this case:  $ _____

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (01/15)

9b.   From other case(s): _____

10. _____ Monthly interest and dividends

11. _____Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expense items.)

12. _____ Monthly income from royalties, trusts, or estates

13. _____ Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses

14. _____ Monthly gains derived from dealing in property (not including nonrecurring gains)

15. _____ Any other income of a recurring nature (list source) _____

16. _____

17. **$ _____ TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1–16)


**PRESENT MONTHLY DEDUCTIONS:**

18. $_____Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)

a.   Filing Status _____

b.   Number of dependents claimed _____

19. _____ Monthly FICA or self-employment taxes

20. _____ Monthly Medicare payments

21. _____ Monthly mandatory union dues

22. _____ Monthly mandatory retirement payments

23. _____ Monthly health insurance payments (including dental insurance), excluding portion paid for any minor children of this relationship

24. _____ Monthly court-ordered child support actually paid for children from another relationship

25. _____Monthly court-ordered alimony actually paid (Add 25a and 25b)

25a. from this case:      $ _____

25b. from other case(s):$ _____

26. **$_____ TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES** (Add lines 18 through 25).

27. **$_____ PRESENT NET MONTHLY INCOME** (Subtract line 26 from line 17)

**SECTION II. AVERAGE MONTHLY EXPENSES**

**Proposed/Estimated Expenses.** If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**A. HOUSEHOLD:**

| | |
|---|---|
| Mortgage or rent | $ _____ |
| Property taxes | $ _____ |
| Utilities | $ _____ |
| Telephone | $ _____ |
| Food | $ _____ |
| Meals outside home | $ _____ |
| Maintenance/Repairs | $ _____ |
| Other: _____ | $ _____ |

**B. AUTOMOBILE**

| | |
|---|---|
| Gasoline | $ _____ |
| Repairs | $ _____ |
| Insurance | $ _____ |

**C. CHILD(REN)'S EXPENSES**

| | |
|---|---|
| Day care | $ _____ |
| Lunch money | $ _____ |
| Clothing | $ _____ |
| Grooming | $ _____ |
| Gifts for holidays | $ _____ |
| Medical/Dental (uninsured) | $ _____ |
| Other: _____ | $ _____ |

**D. INSURANCE**

| | |
|---|---|
| Medical/Dental (if not listed on lines 23 or 45) | $ _____ |
| Child(ren)'s medical/dental | $ _____ |
| Life | $ _____ |
| Other: _____ | $ _____ |

**E. OTHER EXPENSES NOT LISTED ABOVE**

| | |
|---|---|
| Clothing | $ _____ |
| Medical/Dental (uninsured) | $ _____ |
| Grooming | $ _____ |
| Entertainment | $ _____ |
| Gifts | $ _____ |
| Religious organizations | $ _____ |
| Miscellaneous | $ _____ |
| Other: _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

**F. PAYMENTS TO CREDITORS**

| CREDITOR: | MONTHLY PAYMENT |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

28. **$_____ TOTAL MONTHLY EXPENSES** (add **ALL** monthly amounts in A through F above)

**SUMMARY**
29. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I. INCOME)
30. **$_____ TOTAL MONTHLY EXPENSES** (from line 28 above)
31. **$_____ SURPLUS** (If line 29 is more than line 30, subtract line 30 from line 29. This is the amount of your surplus. Enter that amount here.)
32. **($_____) (DEFICIT)** (If line 30 is more than line 29, subtract line 29 from line 30. This is the amount of your deficit. Enter that amount here.)

**SECTION III. ASSETS AND LIABILITIES**
**Use the nonmarital column only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.** You should indicate to whom you believe the item(s) or debt belongs. (Typically, you will only use this column if property/debt was owned/owed by one spouse before the marriage. See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

**A. ASSETS:**

| DESCRIPTION OF ITEM(S). List a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage). LIST ONLY LAST 4 DIGITS OF ACCOUNT NUMBERS. Check the line next to any asset(s) which you are requesting the judge award to you. | Current Fair Market Value | Nonmarital (check correct column) | |
|---|---|---|---|
| | | husband | wife |
| ___ Cash (on hand) | $ | | |
| ___ Cash (in banks or credit unions) | | | |
| ___ Stocks, Bonds, Notes | | | |
| ___ Real estate: (Home) | | | |
| ___ (Other) | | | |
| ___ Automobiles | | | |
| ___ Other personal property | | | |
| ___ Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |
| ___ Other | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| ____ Check here if additional pages are attached. | | | |
| **Total Assets** (add next column) | $ | | |

**B. LIABILITIES:**

| DESCRIPTION OF ITEM(S). List a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). LIST ONLY LAST 4 DIGITS OF ACCOUNT NUMBERS. Check the line next to any debt(s) for which you believe you should be responsible. | Current Amount Owed | Nonmarital (check correct column) | |
|---|---|---|---|
| | | husband | wife |
| Mortgages on real estate: First mortgage on home | $ | | |
| Second mortgage on home | | | |
| Other mortgages | | | |
| | | | |
| Auto loans | | | |
| | | | |
| Charge/credit card accounts | | | |
| | | | |
| | | | |
| | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| ____Check here if additional pages are attached. | | | |
| **Total Debts**   (add next column) | **$** | | |

**C. CONTINGENT ASSETS AND LIABILITIES:**

INSTRUCTIONS:  If you have any **POSSIBLE assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| Contingent Assets<br><br>**Check the line next to any contingent asset(s) which you are requesting the judge award to you.** | Possible Value | Nonmarital (check correct column) | |
|---|---|---|---|
| | | husband | wife |
| | $ | | |
| | | | |
| **Total Contingent Assets** | **$** | | |

| Contingent Liabilities<br><br>**Check the line next to any contingent debt(s) for which you believe you should be responsible.** | Possible Amount Owed | Nonmarital (check correct column) | |
|---|---|---|---|
| | | husband | wife |
| | $ | | |
| | | | |
| **Total Contingent Liabilities** | **$** | | |

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (01/15)

**SECTION IV.  CHILD SUPPORT GUIDELINES WORKSHEET**
(Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.)

[Check **one** only]
_____ **A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.
_____ **A Child Support Guidelines Worksheet IS NOT being filed in this case.** The establishment or modification of child support is not an issue in this case.

I certify that a copy of this document was [**check all used**]: (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party

Printed Name: _____
Address:_____
City, State, Zip:_____
Fax Number:_____
E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned
name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULE OF PROCEDURE FORM 12.902(c), FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)(01/15)

## When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is $50,000 OR MORE per year** unless:

    (1)  You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of financial affidavits;
    (2)  you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
    (3)  the court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

## What should I do next?

A copy of this form must be served on the other **party** in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## Special notes...

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address, telephone, and fax information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (01/15)

- 31 -

The affidavit must be completed using **monthly** income and expense amounts.  If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts.  Hints are provided below for making these conversions.

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Hourly amount | x | Hours worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Daily amount | x | Days worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Bi-weekly amount | x | 26 | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Semi-monthly amount | x | 2 | = | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (01/15)

- 32 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
            Petitioner,
     and

_____,
            Respondent.

# FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)

($50,000 or more Individual Gross Annual Income)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

---

**SECTION I. INCOME**

---

1.  My age is: _____

2.  My occupation is: _____

3.  I am currently

    *[Check **all** that apply]*

    a. _____ Unemployed

    Describe your efforts to find employment, how soon you expect to be employed, and the pay you expect to receive: _____

    _____

    b. _____ Employed by: _____

    Address: _____

    City, State, Zip code: _____ Telephone Number: _____

    Pay rate: $ _____ ( ) every week ( ) every other week ( ) twice a month ( ) monthly

    ( ) other: _____

    If you are expecting to become unemployed or change jobs soon, describe the change you expect and why and how it will affect your income: _____

    _____

    _____ Check here if you currently have more than one job. List the information above for the second job(s) on a separate sheet and attach it to this affidavit.

    c. _____ Retired. Date of retirement: _____

Employer from whom retired: _____

Address:

_____

City, State, Zip code: _____ Telephone Number: _____

**LAST YEAR'S GROSS INCOME:**      Your Income      Other Party's Income *(if known)*

      YEAR_____      $ _____      $ _____

**PRESENT MONTHLY GROSS INCOME:**

**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.  Attach more paper, if needed.  Items included under "other" should be listed separately with separate dollar amounts.

1.  $_____  Monthly gross salary or wages
2.  _____  Monthly bonuses, commissions, allowances, overtime, tips, and similar payments
3.  _____  Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (Gross receipts minus ordinary and necessary expenses required to produce income.)(Attach sheet itemizing such income and expenses.)
4.  _____  Monthly disability benefits/SSI
5.  _____  Monthly Workers' Compensation
6.  _____  Monthly Unemployment Compensation
7.  _____  Monthly pension, retirement, or annuity payments
8.  _____  Monthly Social Security benefits
9.  _____  Monthly alimony actually received (Add 9a and 9b)
    9a. From this case:  $_____
    9b. From other case(s): _____
10. _____  Monthly interest and dividends
11. _____  Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expense items.)
12. _____  Monthly income from royalties, trusts, or estates
13. _____  Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses (Attach sheet itemizing each item and amount.)
14. _____  Monthly gains derived from dealing in property (not including nonrecurring gains) Any other income of a recurring nature (identify source)
15. _____
16. _____
17. **$_____ TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1 through 16).

**PRESENT MONTHLY DEDUCTIONS:**
**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.
18. $_____Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)
    a. Filing Status _____
    b. Number of dependents claimed _____
19. _____  Monthly FICA or self-employment taxes
20. _____  Monthly Medicare payments

21. _____ Monthly mandatory union dues
22. _____ Monthly mandatory retirement payments
23. _____ Monthly health insurance payments (including dental insurance), excluding portion paid for any minor children of this relationship
24. _____ Monthly court-ordered child support actually paid for children from another relationship
25. _____ Monthly court-ordered alimony actually paid (Add 25a and 25b)
       25a. from this case: $ _____
       25b. from other case(s): _____

26. **$_____ TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES**
      (Add lines 18 through 25).

27. **$_____ PRESENT NET MONTHLY INCOME**
      (Subtract line 26 from line 17).

---

### SECTION II.  AVERAGE MONTHLY EXPENSES

**Proposed/Estimated Expenses.**  If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**HOUSEHOLD:**
1. $_____ Monthly mortgage or rent payments
2. _____ Monthly property taxes (if not included in mortgage)
3. _____ Monthly insurance on residence (if not included in mortgage)
4. _____ Monthly condominium maintenance fees and homeowner's association fees
5. _____ Monthly electricity
6. _____ Monthly water, garbage, and sewer
7. _____ Monthly telephone
8. _____ Monthly fuel oil or natural gas
9. _____ Monthly repairs and maintenance
10. _____ Monthly lawn care
11. _____ Monthly pool maintenance
12. _____ Monthly pest control
13. _____ Monthly misc. household
14. _____ Monthly food and home supplies
15. _____ Monthly meals outside home
16. _____ Monthly cable t.v.
17. _____ Monthly alarm service contract
18. _____ Monthly service contracts on appliances
19. _____ Monthly maid service
Other:
20. _____
21. _____
22. _____
23. _____
24. _____
25. **$_____ SUBTOTAL** (add lines 1 through 24).

**AUTOMOBILE:**

26. $_____ Monthly gasoline and oil
27. _____ Monthly repairs
28. _____ Monthly auto tags and emission testing
29. _____ Monthly insurance
30. _____ Monthly payments (lease or financing)
31. _____ Monthly rental/replacements
32. _____ Monthly alternative transportation (bus, rail, car pool, etc.)
33. _____ Monthly tolls and parking
34. _____ Other: _____
35. $_____ **SUBTOTAL** (add lines 26 through 34)

**MONTHLY EXPENSES FOR CHILDREN COMMON TO BOTH PARTIES:**

36. $_____ Monthly nursery, babysitting, or day care
37. _____ Monthly school tuition
38. _____ Monthly school supplies, books, and fees
39. _____ Monthly after school activities
40. _____ Monthly lunch money
41. _____ Monthly private lessons or tutoring
42. _____ Monthly allowances
43. _____ Monthly clothing and uniforms
44. _____ Monthly entertainment (movies, parties, etc.)
45. _____ Monthly health insurance
46. _____ Monthly medical, dental, prescriptions (nonreimbursed only)
47. _____ Monthly psychiatric/psychological/counselor
48. _____ Monthly orthodontic
49. _____ Monthly vitamins
50. _____ Monthly beauty parlor/barber shop
51. _____ Monthly nonprescription medication
52. _____ Monthly cosmetics, toiletries, and sundries
53. _____ Monthly gifts from child(ren) to others (other children, relatives, teachers, etc.)
54. _____ Monthly camp or summer activities
55. _____ Monthly clubs (Boy/Girl Scouts, etc.)
56. _____ Monthly time-sharing expenses
57. _____ Monthly miscellaneous
58. $_____ **SUBTOTAL** (add lines 36 through 57)

**MONTHLY EXPENSES FOR CHILD(REN) FROM ANOTHER RELATIONSHIP**
(other than court-ordered child support)

59. $_____
60. _____
61. _____
62. _____
63. $_____ **SUBTOTAL** (add lines 59 through 62)

**MONTHLY INSURANCE:**

64. $_____ Health insurance (if not listed on lines 23 or 45)

65. _____ Life insurance

66. _____ Dental insurance

 Other:

67. _____

68. _____

69. **$_____ SUBTOTAL** (add lines 66 through 68, exclude lines 64 and 65)


**OTHER MONTHLY EXPENSES NOT LISTED ABOVE:**

70. $_____ Monthly dry cleaning and laundry

71. _____ Monthly clothing

72. _____ Monthly medical, dental, and prescription (unreimbursed only)

73. _____ Monthly psychiatric, psychological, or counselor (unreimbursed only)

74. _____ Monthly non-prescription medications, cosmetics, toiletries, and sundries

75. _____ Monthly grooming

76._____ Monthly gifts

77. _____ Monthly pet expenses

78._____ Monthly club dues and membership

79._____ Monthly sports and hobbies

80._____ Monthly entertainment

81._____ Monthly periodicals/books/tapes/CDs

82._____ Monthly vacations

83._____ Monthly religious organizations

84._____ Monthly bank charges/credit card fees

85._____ Monthly education expenses

86._____ Other: (include any usual and customary expenses not otherwise mentioned in the items listed above)_____

87._____

88._____

89._____

90. **$_____ SUBTOTAL** (add lines 70 through 89)


**MONTHLY PAYMENTS TO CREDITORS:** (only when payments are currently made by you on outstanding balances). List only last 4 digits of account numbers.

MONTHLY PAYMENT AND NAME OF CREDITOR(s):

91. $_____

92._____

93._____

94._____

95._____

96._____

97._____

98._____

99._____

100._____

101._____

102._____


Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (01/15)

103. _____

104. **$_____ SUBTOTAL** (add lines 91 through 103)

105. **$_____TOTAL MONTHLY EXPENSES:**
       (add lines 25, 35, 58, 63, 69, 90, and 104 of Section II, Expenses)

**SUMMARY**

106. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I. INCOME)

107. **$_____ TOTAL MONTHLY EXPENSES** (from line 105 above)

108. **$_____ SURPLUS** (If line 106 is more than line 107, subtract line 107 from line 106. This is the amount of your surplus. Enter that amount here.)

109. **($_____)(DEFICIT)** (If line 107 is more than line 106, subtract line 106 from line 107. This is the amount of your deficit. Enter that amount here.)

---

**SECTION III. ASSETS AND LIABILITIES**

A. **ASSETS (This is where you list what you OWN.)**
   **INSTRUCTIONS:**
   **STEP 1:** **In column A,** list a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces are provided if you need to list more than one of an item.
   **STEP 2:** If this is a petition for dissolution of marriage, check the line **in Column A** next to any item that you are requesting the judge award to you.
   **STEP 3:** **In column B,** write what you believe to be the current fair market value of all items listed.
   **STEP 4: Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.** You should indicate to whom you believe the item belongs. (Typically, you will only use Column C if property was owned by one spouse before the marriage. See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

B. **LIABILITIES/DEBTS (This is where you list what you OWE.)**
   **INSTRUCTIONS:**
   **STEP 1:** **In column A**, list a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces are provided if you need to list more than one of an item.
   **STEP 2:** If this is a petition for dissolution of marriage, check the line **in Column A** next to any debt(s) for which you believe you should be responsible.
   **STEP 3:** **In column B**, write what you believe to be the current amount owed for all items listed.
   **STEP 4: Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning the debt belongs to only one of you and should not be divided.** You should indicate to whom you believe the debt belongs. (Typically, you will only use Column C if the debt was owed by one spouse before the marriage. See the **"General Information for Self-**

| A<br>ASSETS: DESCRIPTION OF ITEM(S)<br><br>LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Check the line next to any asset(s) which you are requesting the judge award to you. | B<br>Current Fair Market Value | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|
| | | husband | wife |
| Cash (on hand) | $ | | |
| Cash (in banks or credit unions) | | | |
| | | | |
| Stocks/Bonds | | | |
| | | | |
| | | | |
| Notes (money owed to you in writing) | | | |
| | | | |
| | | | |
| Money owed to you (not evidenced by a note) | | | |
| | | | |
| | | | |
| Real estate: (Home) | | | |
| (Other) | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Business interests | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Automobiles | | | |
| | | | |
| | | | |
| | | | |
| Boats | | | |
| | | | |
| | | | |
| Other vehicles | | | |

| | | | | |
|---|---|---|---|---|
| | | | | |
| | Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |
| | | | | |
| | | | | |
| | | | | |
| | Furniture & furnishings in home | | | |
| | | | | |
| | Furniture & furnishings elsewhere | | | |
| | | | | |
| | Collectibles | | | |
| | | | | |
| | Jewelry | | | |
| | | | | |
| | Life insurance (cash surrender value) | | | |
| | | | | |
| | | | | |
| | Sporting and entertainment (T.V., stereo, etc.) equipment | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Other assets: | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Assets** (add column B) | | $ | | |

Represented Litigants" found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>LIABILITIES:  DESCRIPTION OF ITEM(S)<br><br>LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>**Check the line next to any debt(s) for which you believe you should be responsible.** | | B<br>Current<br>Amount<br>Owed | C<br>Nonmarital<br>(Check correct<br>column) | |
|---|---|---|---|---|
| | | | husband | wife |
| | Mortgages on real estate: First mortgage on home | $ | | |
| | Second mortgage on home | | | |
| | Other mortgages | | | |
| | | | | |
| | Charge/credit card accounts | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Auto loan | | | |
| | Auto loan | | | |
| | Bank/Credit Union loans | | | |
| | | | | |
| | | | | |
| | | | | |
| | Money you owe (not evidenced by a note) | | | |
| | | | | |
| | Judgments | | | |
| | | | | |
| | Other: | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Debts**  (add column B) | | $ | | |

**C. NET WORTH (excluding contingent assets and liabilities)**

$_____Total Assets (enter total of Column B in Asset Table; Section A)
$_____Total Liabilities (enter total of Column B in Liabilities Table; Section B)
$_____**TOTAL NET WORTH (Total Assets minus Total Liabilities)**
(excluding contingent assets and liabilities)

**D. CONTINGENT ASSETS AND LIABILITIES**
**INSTRUCTIONS:**

If you have any **POSSIBLE assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| A<br>**Contingent Assets**<br><br>**Check the line next to any contingent asset(s) which you are requesting the judge award to you.** | B<br><br>**Possible Value** | C<br>**Nonmarital<br>(Check correct column)** | |
| --- | --- | --- | --- |
| | | husband | wife |
| | $ | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Contingent Assets** | $ | | |

| A<br>**Contingent Liabilities**<br><br>**Check the line next to any contingent debt(s) for which you believe you should be responsible.** | B<br><br>**Possible Amount Owed** | C<br>**Nonmarital<br>(Check correct column)** | |
| --- | --- | --- | --- |
| | | husband | wife |
| | $ | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Contingent Liabilities** | $ | | |

**E. CHILD SUPPORT GUIDELINES WORKSHEET.** Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.

[Check **one** only]

_____**A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.

_____**A Child Support Guidelines Worksheet IS NOT being filed in this case.** The establishment or modification of child support is not an issue in this case.

**I certify that a copy of this financial affidavit was [check all used]: (   ) e-mailed (    ) mailed, (    ) faxed (   ) hand delivered to the person(s) listed below on** *{date}* **_____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                          Signature of Party
                                                          Printed Name: _____
                                                          Address: _____
                                                          City, State, Zip: _____
                                                          Fax Number: _____
                                                          E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                                          _____
                                                          NOTARY PUBLIC or DEPUTY CLERK

                                                          _____
                                                          *[Print, type, or stamp commissioned name of notary or deputy clerk]*

_____ Personally known
_____ Produced identification
           Type of identification produced_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____, *{telephone number}* _____.